# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **'08 - CV - 00942**

(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 7 - 2008

GREGORY C. LANGHAM
CLERK

BRIAN D. DIXON                                        ,

Plaintiff,

v.

ADAMS COUNTY, COLORADO; BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, COLORADO; ADAMS COUNTY SHERIFF'S OFFICE and DOUGLAS N. DARR, in his official capacity as SHERIFF OF ADAMS COUNTY, COLORADO.                                        ,

Defendant.

---

## TITLE VII COMPLAINT

---

## PARTIES

1.  Plaintiff  BRIAN D. DIXON _____  is a citizen of  the State of Colorado, a territory of the United States,
    who presently resides at the following address:

    _____ 3318 39th Avenue, Evans, Colorado, 80620-9164 _____

2.  Defendant ADAMS COUNTY, COLORADO; BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, COLORADO; lives at or is located at the following
    ADAMS COUNTY SHERIFF'S OFFICE and DOUGLAS N. DARR, in
    his official capacity as SHERIFF OF ADAMS COUNTY, COLORADO. address:

    _____ 450 S. 4th Ave, Brighton, CO, 80601 | 332 N. 19th Ave, Brighton, CO, 80601 | 150 N. 19th Ave,
    Brighton, CO, 80601.

Attach a separate page, if necessary, to list additional parties.

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 30 2008

GREGORY C. LANGHAM
CLERK

## JURISDICTION

3.  Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.
    § 2000e-5.

4.  Defendant is an employer within the meaning of Title VII.

5.  The alleged unlawful employment practices took place at the following location:

    _____ 450 S. 4th Ave, Brighton, CO, 80601 | 332 N. 19th Ave, Brighton, CO, 80601 | 150 N. 19th Ave,
    Brighton, CO, 80601

6.  Jurisdiction also is asserted pursuant to the following statutory authority:

    _____ 29 U.S.C. § 1331 29; U.S.C. § 1343(a); 29 U.S.C. § 794, 42 U.S.C. § 1981

(Rev. 07/06)

## ADMINISTRATIVE PROCEDURES

7.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on <u>or around 11/24/2008</u> (date) regarding the alleged discriminatory conduct by Defendant(s).

8.  Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on <u>01/31/2008</u> (date). (Please attach to the complaint a copy of the Notice of Right to Sue.)

## NATURE OF THE CASE

9.  Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

    _____ Race          _____ Color          _____ Religion

    ✓ Sex          _____ National Origin

    ✓ Other (please specify) <u>Disability, Retaliation</u>

10. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

    ✓ Failure to hire

    _____ Failure to promote

    ✓ Demotion/discharge from employment

    _____ Other (please specify) _____

# FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.
Alternatively, you may attach to the complaint a copy of the charge of discrimination
you submitted to the Equal Employment Opportunity Commission.)

1. The plaintiff is filing this complaint as a civil action to enforce title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111 et seq., against Adams County, Colorado; the Board of County Commissioners of Adams County, Colorado; Adams County Sheriff's Office and Douglas N. Darr, in his official capacity as Sheriff of Adams County, Colorado.

2. The Plaintiff brings this suit against the defendant for violations of his civil rights pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter referred to as "Title VII").

3. This Court has subject matter jurisdiction over the claims of the plaintiff against the defendant pursuant to the provisions of 28 U.S.C. § 1331 and 1343(a). At all times relevant hereto, the plaintiff is a male citizen of the United States and resides within the County of Weld, State of Colorado.

4. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b) in that this is the judicial district in which the events or omissions giving rise to the claim occurred, in which the defendants may be found, and which has contacts that would be sufficient to subject it to personal jurisdiction. Venue is proper in this Court pursuant to the provisions of 42 U.S.C. § 12202 in that a State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of the Americans with Disabilities Act of 1990.

5. The Plaintiff was and is a qualified individual with a disability.

6. Plaintiff has complied with jurisdictional prerequisites before bringing this action. This action is brought within 90 days of receipt of the right to sue letter issued in this matter.

7. On or around July 27, 2007, the Plaintiff received a four (4) page response from the Defendant's attorney. In paragraph one of the letter, the Defendant's attorney lists reasons for termination. The listed reasons contradict what the Defendant was told at his termination hearing. When the Plaintiff made the request to the Defendant for a duplicate of the audio recording of the termination hearing. The Defendant denied the Plaintiff's request.

8. The Defendant's attorney included as document A. The reasons the Defendant listed in Exhibit A as reasons for termination show continual deliberate discrimination and retaliation in which the Defendant exercised constructive termination.

9. The Fitness For Duty was not only unwarranted, but was conducted by a unlicensed psychologist in violation of Colorado State Statute. The Defendant at the August 9 termination hearing was provided a letter from a licensed psychiatrist addressed to the Defendant advising the Defendant the Plaintiff was Fit - For - Duty. The Defendant acknowledged it by instructing the Plaintiff to step out of the hearing so the Defendant could speak with his Command Staff. The audio recording of the termination hearing showed proof this document was presented. Again when the Plaintiff asked the Defendant for a duplicate audio recording of the termination, the Defendant denied the Plaintiff's Request.

10. An Internal Affairs (06-05) was initiated by the Defendant against the Plaintiff on the allegation of the Plaintiff's failure to report for duty on time. This was listed as a cause for termination. The evidentiary material forming the Internal Affair violated the plaintiffs constitutional right to due process and further validated the Plaintiff's raised complaint of retaliation. The Plaintiff made the request to the Defendant for a duplicate of the audio recording and documentation from the Internal Affairs. The Defendant denied the Plaintiff's request.

11. An Internal Affairs (06-39) was initiated by the Defendant on the allegation of the Plaintiff's failure to attend several meetings as ordered. This was listed as a cause for termination. Said statement produced prima facia evidence the Defendants conduct was deliberately adverse to the Plaintiff plaintiffs constitutional right to due process since the internal affair was still active and under investigation. This can be shown from correspondence between the Plaintiff and the investigating officer as to the date/time the investigating officer was to interview the Plaintiff. The Plaintiff made the request to the Defendant for a duplicate of the Plaintiff's employment e-mail documents. The Defendant denied the Plaintiff's request.

12. An Internal Affairs (06-29) was initiated by the Defendant against the Plaintiff on the allegation the Plaintiff violated agency policy. The evidentiary material forming the contents of the Internal Affairs showed further retaliatory practices against the Plaintiff. The contents of the Internal Affairs further showed substantial evidence of prohibited acts by the Defendant in violation of agency policy as well as State and Federal Statute. The Plaintiff made the request to the Defendant for a duplicate of the Internal Affairs file. The Defendant denied the Plaintiff's request.

13. The Plaintiff urges the second paragraph of the letter written by the Defendant's attorney is a fabrication. The Plaintiff didn't ask for accommodations for his disability. The Plaintiff asked his supervisor Jerry Drumright to for a set schedule instead of an alternating schedule as a matter of convenience. The Plaintiff urges this fabrication was created in an attempt to conceal the complaint the Plaintiff's made of HIPAA and privacy violations to Defendant's Human Resources department as a method of coercion through embarrassment after protesting the discriminatory practices of the Defendant. In compliance with agency policy, the Plaintiff provided personal and confidential workers compensation medical documents to his supervisor Jerry Drumright. The Plaintiff requested a formal complaint with Human Resources after finding these documents unsecured and placed in Plaintiff's performance file within a three (3) inch binder located in a commons area of the workplace.

14. The Plaintiff urges the last paragraph by the Defendants' attorney also is a fabrication. The Plaintiff incorporates accompanying evidentiary proof showing workers compensation medical treatment was not provided by the Defendant in violation of State and Federal Statute. The Plaintiff is currently being sued in Weld County Courts for the workers compensation medical bills. The Plaintiff further urges evidentiary proof exists contradicting the Defendants counter-claim.

# REQUEST FOR RELIEF

### Plaintiff requests the following relief:

15. Plaintiff incorporates Paragraphs 1 through 14 as though more fully set forth herein.

16. Plaintiff alleges that the defendants as Administration, command staff and related official capacities thereof engaged in a pattern and practice of discrimination against the plaintiff with respect to the terms and conditions and privileges of employment because of the Plaintiff's disability and voiced opposition to such treatment by Defendant's in violation of 42 U.S.C. § 2000e-2.

17. As part of the pattern and practice of employment discrimination, defendants, by and through its supervisors and managers, subjected plaintiff to persistent, unwanted and unwelcome discrimination and harassment. The unwanted and unwelcome discrimination and harassment were directed at Plaintiff after the plaintiff sought equal enjoyment of the workplace environment. The unwanted and unwelcome harassment and discrimination had the effect of substantially interfering with the plaintiff's work performance, by creating a hostile, intimidating and offensive working environment, and affected the terms and conditions of employment. Defendants knew or should have known of discrimination and harassment in the workplace existing at the place of employment because the plaintiff lodged official complaints alleging disability discrimination and retaliation by a supervisor in the employ of the Defendants.

18. Defendants failed and refused to take appropriate and corrective action to end the hostile, intimidating and discriminatory conditions at the Plaintiff's place of employment, or to prevent retaliation against the plaintiff when plaintiff complained about the discriminatory conduct. The Defendants refused to render aid to the Plaintiff's outcry by denying the Plaintiff's access to evidentiary material for redressing such conduct.

19. Defendant, by and through its agents and employees, engaged in acts of intimidation and retaliation in violation of Title VII and U.S.C. § 2000e. The conduct set forth in the preceding paragraphs caused the plaintiff to suffer economic and non-economic damages, and to incur attorney's fees and costs.

20. The plaintiff is entitled to recover from the defendant the remedies set forth under 42 U.S.C. § 2000e et seq. for employment discrimination and retaliation including, but not limited to, the damages as set forth in paragraph 19 above. The plaintiff is also entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, § 706(k) of Title VII as well as 42 U.S.C. 1981.

WHEREFORE, the plaintiff prays that this Court enters the following relief: judgement ordering the production of requested documents by the Defendants, judgment against defendants in the form of prospective injunctive relief and declaratory relief; judgment against defendants in the form of non-economic damages; and other awards in an amount to justly compensate him for his injuries; damages and losses, as to be determined by a Jury; attorney fees pursuant to 42 U.S.C. § 1988; costs and expert witness fees, as provided by law; interest on all awards, as provided by law; and for such other further relief as this Court finds equitable and just. Plaintiff demands a trial to a jury.

Date: April 30, 2008

(Plaintiff's Original Signature)

3318 39th Avenue

(Street Address)

Evans, Colorado, 80620-9164

(City, State, ZIP)

970.339.8720

(Telephone Number)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Brian Dixon

Evans, CO 80130

From: Denver Field Office
303 East 17th Avenue
Suite 510
Denver, CO 80203

| | |
|---|---|
| [ ] | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR § 1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2007-00773 | Colleen J. Scaramella, Enforcement Supervisor | (303) 866-1348 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Nancy A. Sienko,*
**Director**

January 30, 2008

*(Date Mailed)*

Enclosure(s)

cc: Dana Mumey
Assistant County Attorney
ADAMS COUNTY COLORADO
450 South 4th Avenue
Brighton, CO 80601

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an
attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the
date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent
that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is
signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after
talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement
of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the
charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.
Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be
brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk
of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy
decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before
7/1/02</u> – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is
separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also
plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90
days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

| From: | CAMELLIA LOPEZ [CAMELLIA.LOPEZ@EEOC.GOV] |
|---|---|
| Sent: | Friday, February 01, 2008 8:56 AM |
| To: | B Dixon |
| Subject: | Re: EEOC Charge No 541-2007-00773 |

| Importance: | High |
|---|---|

** High Priority **

The charge was submitted to our Field Director and you should be receiving a determination soon.  If you are unhappy with the Commission's decision, you would have to ask the Field Director for reconsideration.  I understand that you are no longer represented by legal counsel.  I am sorry that I did not get back with you, I was out ill.

>>> "B Dixon" <dixonb_oie████████.com> 1/31/2008 1:30 PM >>>

January 31, 2008

Ms. Camellia Lopez
Investigator
303 E. 17th Avenue
Suite 510
Denver, Colorado 80203

EEOC Charge No. 541-2007-00773

Dear Ms. Lopez:

This email is respectfully submitted in the interest of the above charge.  I received your telephone calls on Tuesday, January 29, 2008 at approximately 14:10 and 14:30 hours.  Please accept my apologies for not being able to be reached when you telephone back.  When you telephoned, I was at work and unable to get to a place where I could check and return messages.  To the aforementioned, I would like you to know I am still very interested in

moving forward and continuing the investigation to the above matter as we previously discussed in September of 2007.

When we last spoke, it was my understanding my case wasn't going to be

addressed until November 2007.  With all due respect, may I request you

inform me of the next procedural step and what timeframe to expect regarding such.

I have the additional material you asked for in your original letter, and with it now being almost February 2008, I would like to get this material to you as quickly as possible.  May I please ask of you to tell me the procedural requirements or protocols for submitting additional supporting evidence including audio recordings and physical evidence.  You will find the recordings offers information contradicting some of the statements

submitted to you in the letter sent by the alleged employer in this charge.  I also have additional material supporting the concern of possible criminal statute violations involving said employer that I would like to discuss with you.

Please let me know the best way to get this material to you.  Because I work long hours at my current job, may I also ask the best way to remain in

contact with you as well as the most efficient way to communicate with you.

Thank you for your time and efforts in continuing with this matter.
While I
can only assume with the length of time between our communications is a

result of your schedule being very busy, I'm somewhat unsettled with the concern that too
much time will pass where the availiability of an ammicable resolution will expire.
Please let me know how and what is the best way that I can help.

With regards and respectfully submitted,

Brian Dixon
3318 39th Avenue
Evans, Colorado 80620
█████-8720



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver District Office**

303 E. 17th Ave., Suite 510
Denver, CO 80203
PH: (303) 866-1300 / 1301
ADD: (303) 866-1950
FAX: (303) 866-1085
1-800-669-4000

Date **AUGUST 31, 2006**

## INTAKE QUESTIONNAIRE FOR POTENTIAL CHARGING PARTY (PCP)

### COMPLETING THIS QUESTIONNAIRE DOES NOT CONSTITUTE THE FILING OF A CHARGE.

The EEOC enforces laws which prohibit discrimination on the basis of Race, Color, National Origin, Sex, Religion, Age, and Disability. <u>Ask the Information Specialist at the Front Reception Desk for a separate questionnaire if your complaint is regarding a disability.</u>

IF YOU HAVE ALREADY FILED WITH A STATE AGENCY (EXAMPLE: COLORADO CIVIL RIGHTS DIVISION), OR IF YOU ARE COMPLAINING ABOUT SOMETHING WHICH HAPPENED TO YOU OVER 300 DAYS AGO, <u>STOP AND ASK TO SPEAK TO AN INVESTIGATOR BEFORE PROCEEDING FURTHER WITH THIS QUESTIONNAIRE.</u>

*(PLEASE PRINT)*

1. NAME **BRIAN**　　　**D**　　　**DIXON**
   　　　*(First)*　　　*(Middle Initial)*　　　*(Last)*

ADDRESS ▆▆▆▆▆ **AVENUE**

CITY **EVANS**　　　STATE **CO**　　　ZIP CODE **80620-9164**　　　COUNTY **WELD**

TELEPHONE NO. *(Include Area Code)*: WORK: (　) **N/A**　　　HOME: (　) (▆▆▆- **8720**

I prefer to be contacted at: [ ] Work [✓] Home　Days: **MONDAY - FRIDAY**　　Time: **BUSINESS HOURS 8AM - 5PM**

YOUR SOCIAL SECURITY NUMBER: ▆▆▆▆▆▆▆　　　YOUR SEX: [✓] Male [ ] Female

YOUR DATE OF BIRTH: ▆▆▆▆▆　　　YOUR AGE: **27**

YOUR RACE: [✓] White [ ] Black [ ] Asian/Pacific Islander [ ] American Indian [ ] Alaskan Native

YOUR NATIONAL ORIGIN: [ ] Mexican [ ] Hispanic [ ] East Indian [ ] Other _____

Please provide the name of a person at a different address whom we can contact if we are unable to reach you.

2. NAME **D**▆▆▆▆ **or P**▆▆▆▆**ON**

TELEPHONE NUMBER *(Include Area Code)*: (　) ▆▆▆- **9193**

ADDRESS ▆▆▆▆ **STREET**

CITY **BROOMFIELD** STATE **COLORADO** ZIP CODE **80020**

3. Have you filed any previous EEOC charges? (Yes) _____ (No) ✓

   If "yes", identify the employer in the previous charge(s): _____

   _____

   _____

4. Approximate date(s) you filed your prior EEOC charge(s): _____

   Provide EEOC Charge Number(s), if known: _____

## IDENTIFY THE ORGANIZATION WHOM YOU BELIEVE DISCRIMINATED AGAINST YOU:

5. EMPLOYER [✓]     UNION [ ]     EMPLOYMENT AGENCY [ ]

   NAME: **ADAMS COUNTY GOVERNMENT / ADAMS COUNTY SHERIFF'S OFFICE**

   ADDRESS: (location where you actually worked) **2 PLACES - 1) 150 N. 19th AVENUE, 2) 1100 JUDICIAL CENTER DRIVE**

   CITY, STATE, ZIP CODE: **BRIGHTON, COLORADO, 80601**

   COUNTY: **ADAMS**          TELEPHONE NO.: *(Include Area Code)* (____) **1) (303) 654 - 1850, 2) (303) 654 - 1161**

6. NUMBER OF EMPLOYEES/MEMBERS AT THIS LOCATION: **400 +**

7. NUMBER OF EMPLOYEES/MEMBERS AT ALL LOCATIONS: **1000 +**

8. TYPE OF BUSINESS: **LOCAL COUNTY GOVERNMENT**

9. If the Organization has a separate Headquarters Office, please include the name and address, and telephone number if known:

   Headquarters Office (if different from where you actually worked): _____

   **ADAMS COUNTY GOVERNMENT - 450 S. 4th AVENUE, BRIGHTON, COLORADO, 80601**

   **ADAMS COUNTY SHERIFF'S OFFICE, 332 N. 19TH AVENUE, BRIGHTON, COLORADO, 80601**

   Telephone Number: ( ) **(303) - 654 - 1850**

   Contact Person, if known (example: Director, Human Resources) **CARLA KELLEY (303) 655 - 3222**

10. If a different organization is involved in the matter you believe was discriminatory, identify by:

    EMPLOYER [ ]          UNION [✓]          EMPLOYMENT AGENCY [ ]

    NAME: **FRATERNAL ORDER OF POLICE STATE LODGE / COLORADO LODGE # 1**

    ADDRESS: **2701 WEST 84TH AVENUE**

    CITY, STATE, ZIP: **WESTMINSTER, COLORADO, 80031**

COUNTY: **ADAMS**       TELEPHONE NO.: (Include Area Code) (   ) **(303) 426-1733**

NUMBER OF EMPLOYEES/MEMBERS: **400**      TYPE OF BUSINESS: **LABOR REPRESENTATION**

## 11. EMPLOYMENT DATA REGARDING THE EMPLOYER WHOM YOU BELIEVE DISCRIMINATED AGAINST YOU:

Date Hired: **SEPT. 19, 2000**    Current Job Title/Salary **DEPUTY SHERIFF - FTO / 21.733 Hr./ FT W/ OFF DUTY & OT**

Job title/salary at time of alleged discrimination **NON COMISSIONED DEPUTY / 21.733 Hr./ FT W/ NO OFF DUTY & OT**

Name and title of supervisor at the time of alleged discrimination: **SEE ATTACHED DOCUMENT.**

      OR

Date Applied **AUGUST 24, 2006**   Position Seeking   **DEPUTY SHERIFF**

      OR

Date Discharged/Laid Off **AUGUST 04, 2006**   Position Held   **DEPUTY SHERIFF / FTO**

12. Is there a union?   Yes ☑   No [   ]   If so, name the union (including local #), give its address and local telephone number.

**FRATERNAL ORDER OF POLICE, COLORADO LODGE # 1**

**2701 West 84th Avenue Westminster, Colorado 80031 - (303) 426-1733**

13. Have you filed a union grievance related to the allegations of discrimination?   Yes ☑   No [   ]   If so, what happened?

**1 of 3 things, - Ignored Completely, Coerced into vacating grievance, grievance heard and dies in motions.**

14. Have you filed a complaint with any other government agencies regarding this matter?   Yes ☑   No [   ]   If so, identify the agency, and

date you filed complaint: **STATE OF COLORADO, DIVISION OF REGULATORY AFFAIRS, CIVIL RIGHTS DIVISION**

**APRIL 25, 2006 / COLORADO DORA SENT PAPERWORK BACK BECAUSE I WANTED TO FILE WITH FEDERAL EEOC**

## 15. FOR THOSE ACTIONS THAT YOU WISH TO INCLUDE IN THE CHARGE:

The date (month, day, year) of the EARLIEST alleged discrimination is: **DECEMBER 01, 2006**

The date of the LATEST (MOST RECENT) alleged discrimination is: **AUGUST 30, 2006**

16. Identify by name and job title, if known, the individual(s) you believe discriminated against you:

(Name) **SEE ATTACHED DOCUMENTS**   (Job Title) _____

(Name) _____ (Job Title) _____

17. Please describe the specific reason(s) you believe the actions taken against you were the result of discrimination. Provide who, what, where, when and how you were discriminated against. **SEE ATTACHED DOCUMENTATION**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(attach additional sheets if space is needed)

18. What reason(s) were given by the organization for the actions taken against you:   **SEE ATTACHED DOCUMENTATION**

_____

19. Do you know of any other reasons(s) which may have lead to the action(s) taken against you?  **SEE ATTACHED DOCUMENTATION**

_____

_____

20. List the name(s), job title, race

   **SEE ATTACHED DOCUMENTATION**

_____

_____
_____
_____
_____

20. List the name(s), job title, race, sex, age, of those persons who were
treated the same, more favorably, or less      favorably than you:

| Name and Job Title | | <u>Treated More</u> | Treated |
|---|---|---|---|
| <u>Less</u> | | | |
| | | Race/Sex/Age | |
| <u>Favorably</u> | <u>Favorably</u> | | |

   **SEE ATTACHED DOCUMENTATION**

_____

_____
_____
_____

21. State the name(s), address, telephone number, and a description of the
information which can be provided by
   any witness(es) you believe can provide evidence to support of your charge:
(i.e., an eye witness that actually
   saw and/or heard the events leading to the actions taken against you).

| <u>Name and Address</u> | <u>Telephone No.</u> | <u>Description of Information Each</u> |
|---|---|---|
| Witness Can Provide | | |
| | *(Include Area Code)* | |
| | (Home)   (Work) | |

a.   **SEE ATTACHED DOCUMENTATION**

_____

_____

Disable
Requested accommodations
Took disability and cause of disability retaliated
Concerted activity

Appropriate treatment


I was employed by the Adams County Sheriff's Office, a political subdivision to the Adams County Government from the date September 19, 2000 until August 4, 2006. My position with the Adams County Sheriff's Office was that of Deputy Sheriff – Field Training Officer. My assignment was with the Jail Division or the Adams County Detention Facility, a s. The Adams County Detention Facility is an adult detention facility housing approximately 1200 inmates daily and a sub division to the Adams County Sheriff's Office.

In December of 2005, I was tested for Tuberculosis Disease. The health care worker conducting the test told me I showed positive results for Tuberculosis Infection. The healthcare worker told me would probably need to take prescription medication to keep from getting Active Tuberculosis disease. The healthcare worker advised me I receive information for follow-up medical treatment.

When I had completed the Tuberculosis Disease test with the healthcare worker, I went to my immediate supervisor and reported to my immediate supervisor I showed positive results for Tuberculosis. My immediate supervisor asked me what the healthcare worker had told me. I told my immediate supervisor I was told I would receive information for follow-up medical treatment. I asked my immediate supervisor for the forms to complete a workers compensation claim. My immediate supervisor refused to give me the forms and ordered me not to complete any workers compensation forms and to wait for the letter.

On December 9, 2005, I arrived 10 minutes tardy to my assignment. In response to such I received disciplinary action of a written reprimand. The disciplinary action I received for arriving 10 minutes tardy to assignment was different treatment disproportionate and inconsistent to the response and demeanor my immediate supervisor had before asking I had asked for workers compensation forms. I received written reprimand for arriving 10 minutes tardy to assignment, persons who had not reported tuberculosis or requested forms for workers compensation arrived tardy to assignment and received no corrective or disciplinary action. Prior the written reprimand I received on December 9, 2005, I had no negative managerial notations in my management file.

On the date December 16, 2005, I did not receive a letter from Adams County Sheriff's Office as indicated by the healthcare worker. Somewhat concerned, I telephone the medical services with the Adams County Sheriff's Office. I spoke with the healthcare worker who answered the telephone and asked if any information was available as to the time/date/contact for receiving follow-up treatment for Tuberculosis. The healthcare worker told me she would ask and put me on hold. The same healthcare worker after a short wait told later the healthcare worker told me the matter was handled by a different administrative department with the Adams County Sheriff's Office and then

hung up the telephone ending the call. The medical service I had telephoned was the only medical health care provider contracted with the Adams County Sheriff's Office.

On the dates December 17, 2006, and December 18, 2006 I began using my personal computer to research Tuberculosis since I hadn't received any information from Adams County Sheriff's Office. In my research, I became scared that I had Active Tuberculosis reading a document listing the most common symptoms for Active Tuberculosis. I telephone my personal physician on December 19, 2006 and was given an appointment.

On December 19, 2006, I contacted my immediate supervisor and asked him partial shift coverage so I could go to my medical appointment. My immediate supervisor denied my request and ordered me to find a different date.

On December 20, 2006, I attempted to speak with my immediate supervisor to arrange for partial shift coverage for my medical appointment. My immediate supervisor then became angry with me and ordered me to take the entire day off for my medical appointment.

On December 22, 2006, I didn't report to work as ordered. I went to my medical appointment and had to pay costs out of my own expenses.

On or between the date December 23, 2006 and January 4, 2006, I contacted my immediate supervisor and requested partial shift coverage for a medical appointment. My immediate supervisor denied my request. After more than one attempt to get shift coverage,

On January 4, 2006, I saw the Physician who specialized in infectious diseases after finding shift coverage. The physician told me I had Tuberculosis and started making arrangements for me to get medical treatment. I had to pay for my medical appointment with out of my own expenses. The physician told me he would refer me through Weld County Health Department to help alleviate the medical costs of treatment. The physician asked why I wasn't being covered under workers compensation with my employer. I told him I didn't know.

On January 5, 2006, a healthcare worker with Weld County Health Department called me at my work to get me started on medical treatment for Tuberculosis. The healthcare worker asked me questions and completed the forms needed to start medical treatment for Tuberculosis. The healthcare worker asked me if why Adams County Workers Compensation wasn't treating me. I told the healthcare worker I didn't know.

On January 6, 2006, I was able to locate and submitted a worker's compensation claim for medical treatment of Tuberculosis. I included a summary report explaining the why my forms were not completed on December 1, 2005.

On January 7, 2006, I contacted the president the labor organization I was member to made complaint of being ordered not to complete workers compensation forms on December 1, 2005. The president told me he had a meeting with the Sheriff and would raise my complaint.

On January 9, 2006, I met in passing the healthcare worker from December 1, 2006 who told me I needed medical treatment for Tuberculosis. The healthcare worker asked if I was receiving workers compensation benefits with Adams County. In speaking with the healthcare worker, I learned the healthcare worker was disciplined for telling me I needed medical treatment for Tuberculosis and I that I would get a letter from Adams County.

On January 12, 2006, I contacted the assigned administrator who was not a licensed healthcare worker and operating the Tuberculosis management program. I made complaint to the administrator about the healthcare worker who had received disciplinary action. I made the request to for workers compensation. The administrator told me the Tuberculosis Testing was a courtesy and what happened with the healthcare worker was a miscommunication.

On January 13, 2006, I requested workers compensation assistance of my immediate supervisor obtain workers compensation information. My immediate supervisor didn't help me. I found the contact accommodations of my immediate supervisor. My immediate supervisor denied my requests for shift coverage to attend workers compensation appointments. As a result I had to extend the any dates for workers compensation appointments so that they would fall outside my scheduled shift.

On January 16, 2006, I saw the workers compensation doctor. I asked the workers compensation doctor for medical treatment for tuberculosis. The workers compensation doctor did not provide treatment and told me to go through Weld County Health Department.

On January 17, 2006, I made arrangements with a senior officer doing the schedule to get shift coverage and/or time off for medical appointments without my immediate supervisor knowing. The senior officer told me he would advise and inform my immediate supervisor as last minute items the same dates I needed shift coverage.

On January 18, 2006, I was able to get the day schedule off so I could go to my medical appointment with Weld County Health Department. I met with the healthcare worker who had spoken to me earlier. Originally I was scheduled to see the doctor on this date. The health care worker told me the doctor assigned to my case after reviewing my medical file made special arrangements so that my medications for Tuberculosis would arrive earlier then schedule and I could start them sooner. The healthcare worker medical worker told me my medications would be arriving on January 20, 2006 at 8am and scheduled me for an appointment at 08:00.

On January 19, 2006, I was able to get shift coverage working with the senior officer assigned to make the schedule. Arrangements were made to expect me to assignment between 9 am and 10 am January 20, 2006.

On January 20, 2006, I arrived at my assignment at 09:40. My immediate supervisor reprimanded me for not arriving at 9 am. I made a request for shift coverage on the dates January 23, 2006 and January 24, 2006 for a workers compensation appointment and Jury Duty. My immediate supervisor recommended to me to submit a letter of resignation and return to the Adams County Detention Facility. I told my immediate supervisor I never want to return to the Adams County Detention Facility listing the Tuberculosis and Workers Compensation complaints as why.

On January 23, 2006, I met with the Workers Compensation Doctor. I asked the workers compensation doctor for medical treatment for Tuberculosis. The Workers Compensation Doctor did not provide any medical treatment and told me to schedule a follow up appointment approximately 90 days later.

On January 26, 2006, I was demoted from the special assignment I was assigned to and reassigned to an assignment of less merit and consisting of less desirable tasks while working in less desirable conditions. Of the assignment of less merit, I was assigned to the least favorable scheduled of graveyard shift Sunday through Wednesday – 6:45pm – 7am. Typically assignment changes such as this were the results of disciplinary actions or sanctions or were special situations involving specific skills. The assignment I was reassigned to didn't apply to either of the previously mentioned scenarios.

After reporting tuberculosis and raising complaint to workers compensation accommodations, I was no longer used as a Field Training Officer for new officers or additional training except as a last resort. I was restricted from attending additional training for Field Training Officers either from generalized training for Field Training Officers or from specialized training for Field Training Officers with certifications in order to maintain or keep such certifications. This was different treatment than treatment received by other Field Training Officers. Such persons were given additional privileges and prerogatives over separate employees also not reporting Tuberculosis who were less qualified and less experience. When I applied and requested the same courses, my requests were denied. When I requested additional training, my requests were denied. Field Training Officers who didn't report Tuberculosis were authorized and instructed to attend additional training to enhance training abilities and job knowledge. Field Training Officers not reporting Tuberculosis were given higher priority to requests for training and were allowed to take the slot of a person not certified as a Field Training Officer regardless if the person was authorized to attend or had submitted a training request prior to the Field Training Officer. I was restricted from this training option and my submitted requests were denied.

On or between January 30, 2006 and February 1, 2006 I witness my new immediate supervisor received a telephone call from my former immediate supervisor at 3 am.

In early February 2006, I voiced complaint involving HIPAA / Medical Privacy, workers compensation and Tuberculosis. After voicing my this complaint of my report of Tuberculosis, HIPAA/Medical Privacy, and workers compensation, I received notice disciplinary action initiated against me by my new immediate supervisor for tardiness.

In February 2006, I asked for workers compensation assistance for Tuberculosis from my division commander. My division commander ordered me not to go to workers compensation appointments.

In March 2006, I spoke with the Adams County Sheriff attempting to gain workers compensation accommodations and initiate response to the reports and concerns of Tuberculosis. The Adams County Sheriff ordered me not to go to workers compensation and to provide my own medical coverage for medical treatment of Tuberculosis.

On April 10, 2006, I submitted written complaint to my division commander of to Tuberculosis, Retaliation, and Workers Compensation Accommodations. After doing such, I was ordered to undergo psychological testing and was placed on Administrative Leave. My commission, access card and Agency ID were revoked.

In April 2006, I received an Admission of Liability from Adams County Risk Management. The medical bills pertaining to Tuberculosis I submitted to Risk Management Continued not to be paid.

In May 2006, I completed and submitted a NIOSH HHE (health hazard evaluation) requesting an evaluation and site inspection of the Adams County Detention Facility for Tuberculosis concerns. After submitting the NIOSH HHE and media contacted the Adams County Sheriff's Office, I was subjected to Disciplinary Actions for submitting a NIOSH HHE complaint.

In mid May 2006, I voiced complaint of retaliation against me by my employer for reporting Tuberculosis in the Adams County Detention Facility to the Board of Directors of my local labor representation organization. After submitting the complaint, I was order to complete additional psychological testing and placed on my FMLA Leave by my employer without qualifying for FMLA Leave. Approximately 5 days later, I was taken off FMLA Leave and placed on Administrative Leave.

In late May, 2006 I continued in attempts to resolve the tuberculosis matters and gain workers compensation accommodations Adams County Sheriff's Office Human Resource Department and Adams County Risk Management

In early June 2006, after not stopping in my opposition to and complaint of retaliation to the report of Tuberculosis, I was order to undergo additional psychological testing by the Sheriff of Adams County.

In late June, 2006, I returned to shift assignment under demotion and additional restrictions.

In early July, 2006, a formalized four page complaint of Tuberculosis in the Adams County Detention Facility was submitted.

In mid July, 2006, I assisted a female employee with the Adams County Sheriff's Office with reporting sexual harassment. As part to the report of sexual harassment, a grievance was submitted against a Sergeant.

In late July 2006, assisting a female employee in reporting sexual harassment, I was placed back on Administrative Leave after sustaining additional disciplinary action.

In early August 2005, I was terminated from the Adams County Sheriffs Office because of my medical psychological testing I had experienced.

# CHARGE OF DISCRIMINATION

Name:     Brian D. Dixon
Address:     ███████ venue, Evans, Colorado 80620
Telephone:
SS#:
County:     Weld

Date of Birth: ███████

Employer Name:     Adams County Sheriff's Office
Employer Address:     332 N. 19th Avenue, Brighton, Colorado, 80601
County:     Adams
Employer telephone:     (303) 654-1850

Number of Employees: Approximately 517 employees at the Brighton office

Discrimination based on: Disability / Retaliation

Dates of first and last discrimination: December 1, 2005 was approximately the first and September 25, 2006 was approximately the last.

Narrative:
I was employed with the Adams County Sheriff's Office, a political subdivision to the Adams County Government from the date September 19, 2000 until August 4, 2006. My position with the Adams County Sheriff's Office was that of Deputy Sheriff – Field Training Officer. My assignment was with the Jail Division or the Adams County Detention Facility. The Adams County Detention Facility is an adult detention facility housing approximately 1200 inmates daily and a subdivision to the Adams County Sheriff's Office. The Adams County Sheriff's Office currently employs 517 employees. The Adams County Government employs 1100 employees.

In / around December 1, 2005, I became a qualified individual with a disability. I requested reasonable accommodations for my disability on several occasions. After announcing my disability to my employer, the Adams County Sheriff's Office and requesting accommodations, I was retaliated and discriminated against in several ways.

First, on more then one occasion, I was discriminated against by being denied or restricted to any workers compensation benefits as well as any reasonable accommodations or compensation to minimize the effects of my disability. I was denied any access to information of my employer to address my disability. I was discriminated against in seeking explanation for such.

Secondly, on more then one occasion, I was retaliated against upon seeking to gain accommodations for my disability and voicing my opposition to being denied compensation benefits and reasonable accommodations for my disability.

Third, on more then one occasion, I was subjected to further disparate treatment in the form of unnecessary and unwarranted administrative actions by my employer, the

Adams County Sheriff's Office after further opposition to discrimination and retaliation was provided to my employer via verbal and written complaint.

In/around July 11, 2006 I was further retaliated against by my employer the Adams County Sheriff's Office after having participated as a witness to a female coworker's sexual harassment complaint.

In/ around August 4, 2006, my employment relationship was terminated and I was discharged from employment with the Adams County Sheriff's Office for the above adverse employment actions.

In/ around August 24, 2006, I submitted an application for employment to Adams County Sheriff's Office for a position of less value/or equivalent to the same position I was initially hired as and previously terminated from which the Adams County Sheriff's Office. Upon submitting such application and certification of qualification to the position advertised for, I was subjected to further discrimination in being denied to the selection process for employment. Upon voicing complaint to such, I denied any further information by my employer.

Brian D. Dixon

EEOC Form 5 (301)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 541-2007-00773 |

|   |   |
|---|---|
| Colorado Civil Rights Division | and EEOC |
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Brian Dixon | ( ~~~~~~ | ~~~~~~ |

| Street Address | City, State and ZIP Code |
|---|---|
| ~~~~~~ue, Evans, CO 80130 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ADAMS COUNTY SHERIFF'S DEPT. | Unknown | (303) 654-1850 |

| Street Address | City, State and ZIP Code |
|---|---|
| 332 North 19th Avenue,  Brighton, CO 80601 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.)

Earliest **12-01-2005**   Latest **08-04-2006**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.   In/around December 1, 2005, I became a qualified individual with a disability. I requested a reasonable accommodation for my disability on several occasions. I was retaliated against for having participated as a witness to a female coworkers sexual harassment complaint. I was discharged on August 4, 2006, for the above adverse employment actions.

II.  No reason given for the above personal harm.

III. I believe that I have been discriminated against because of my disability in violation of the Americans with Disability Act of 1990. I also believe that I was retaliated in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

a.  I was denied a reasonable accommodation and forced to take FMLA.
b.  I was denied worker compensation benefits.
c.  I was denied training.
d.  I was assigned less favorable assignments.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| _____       _____<br>    Date                    Charging Party Signature | |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# LAW OFFICES OF GEORGE C. PRICE

ATTORNEYS AT LAW
900 LOGAN STREET
DENVER, COLORADO 80203

TELEPHONE (303) 861-5500                    FACSIMILE (303) 863-0180

## FAX COVER SHEET

**TO**

Camellia Lopez, Investigator

Equal Employment Opportunity Commission

Denver Field Office

(303) 866 – 1309

**FROM**

George Price Law Offices

900 Logan Street

Denver, Colorado 80203

**DATE** December 14, 2006 / *DECEMBER 15, 2006*

**RECIPIENT FAX NUMBER**   (303) 866 – 1065

**TOTAL PAGES INCLUDING COVERSHEET**   6 pages

**SUBJECT**

Attached are the corrections to previously sent document.

## CONFIDENTIALITY NOTICE

The information contained in this facsimile transmittal sheet and the document(s) that follow are for the exclusive use of the addressee and may contain confidential and privileged legally protected information. If the recipient of this facsimile is not the intended addressee, or a person responsible for delivering this facsimile to the addressee, such recipient is prohibited from reading, photocopying, distributing or otherwise using this facsimile transmission or it's contents in any way. If the recipient has received this transmission in error, please contact the sender using the above contact information immediately and return the facsimile transmission to the sender via the United States Postal Service. Thank you.

**HP Officejet 6100 Series 6110xi**
**Personal Printer/Fax/Copier/Scanner**

Log for
george c. price
303-863-0180
Dec 15 2006 11:33am

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Dec 15 | 11:31am | Fax Sent | 3038661085 | 1:43 | 6 | OK |

**HP Officejet 6100 Series 6110xi**
**Personal Printer/Fax/Copier/Scanner**

Log for
george c. price
303-863-0180
Dec 14 2006 3:10pm

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Dec 14 | 3:09pm | Fax Sent | 3038661197 | 1:32 | 6 | OK |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver Field Office**

303 East 17ᵗʰ Avenue, Suite 510
Denver, CO 80203
(303) 866-1300
TTY (303) 866-1950
FAX (303) 866-1085
1-800-669-4000

~ -1197

# FAX COVER SHEET

To:  George Price
     City
     Tel.: 303/861-5500
     Fax: 303/863-0180

From:  Camellia Lopez
       303 Investigator
       Denver Field Office
       Tel.: 303/866-1309

Date:  Dec 7, 2006

Subject:  FYI - Do you need any
          corrections made. —

## Number of Pages Following This Cover Page: 2

**CONFIDENTIALITY NOTICE:** The document(s) accompanying this fax contain confidential information which is legally privileged and is for the sole use of the intended recipient named above. If you are not its intended recipient, you are hereby notified that its disclosure, copying, or distribution, or the taking of any other action in reliance on its contents (except its direct delivery to the intended recipient named above), is strictly prohibited. If you have received this fax in error, please contact (303) 866-1359 and arrangements will be made for its return.

## Read Message

Previous    Next   |   Close

From : "georgepric███████com" <georgeprice2@juno.com>
To : camellia.lo███████gov
Subject : Corrections to Brian Dixon charge
Date : Thu, Dec 14, 2006 03:22 PM
Attachment(s) : 1 file(s)/document(s) | Total File Size: 39K

| Reply | Reply All | Forward | Delete |        Move message to...         [ **Printable Version** ]

---

Ms. Lopez

Please find attached to this email, the electronic version of the fax sent to you with corrections to the Brian Dixon Charge of Discrimination EEOC Case (541-2007-00773)


The Law Offices of George C. Price
900 Logan Street
Denver, Colorado 80203
(303) 861-5500

---

**█Files & Documents**                                     ⑦ Help█



2006_12_14_BDi
xonR... (39KB)

# LAW OFFICES OF GEORGE C. PRICE
ATTORNEYS AT LAW
900 LOGAN STREET
DENVER, COLORADO 80203

TELEPHONE (303) 861-5500                    FACSIMILE (303) 863-0180

December 14, 2006

Camellia Lopez, Investigator
United States Equal Employment Opportunity Commission
303 East 17th Avenue, 5th Floor
Denver, Colorado, 80203

Re: Corrections to Brian Dixon Charge of Discrimination (541-2007-00773)

To Whom It May Concern:

Please find the included supplemental documentation as corrections to the revision of the previous document sent by your office.

As always, please feel free to contact my office via the above listed correspondence information if you have any additional questions or concerns.

Very truly yours,

George C. Price



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver District Office**

303 East 17ᵗʰ Avenue, Suite 510
Denver, CO 80203
PH: (303) 866-1300 / 1301
TTY (303) 866-1950
FAX (303) 866-1085
1-800-669-4000

July 27, 2007

Mr. Brian Dixon
████████████
Evans, CO ~~80130~~

Re: EEOC Charge No. 541-2007-00773

Dear Mr. Dixon:

With respect to the allegations of employment discrimination raised in the above referenced charge, Adams County, Respondent has denied the allegations and has provided evidence to support its position. A copy of the position summary is enclosed.

If you have any additional evidence to submit for consideration, it must be received within 25 days from today's date. Provide names or any documents which you believe will support your allegations of discrimination. **The deadline is important because your file will forwarded to management for review and determination.**

**Also please provide evidence of your alleged disability. You must show proof that you have a physical/mental impairment that substantially limits one or more of life's major life activities.**

If the Commission determines that the evidence indicates you were discriminated against as you alleged, we will attempt to resolve the matter by means of conciliation. If the Commission is unable to conclude that the information obtained establishes a violation of the statute(s) enforced by the Commission, you will be informed of your private suit rights.

If you have any questions I can be reached at (303)866-1309.

Sincerely,

*C Lopez*

Camellia Lopez
Federal Investigator



**ADAMS COUNTY**
COLORADO

Commissioners Office MAY 09 2007
450 South 4th Avenue
Brighton, CO 80601 DENVER
PHONE 303.654.6100 DISTRICT OFFICE
FAX 303.659.0577
www.co.adams.co.us

May 7, 2007

Colleen J. Scarmella,
Enforcement Supervisor
Equal Employment Opportunity Commission
Denver Field Office – 541
303 E. 17th Ave., Ste. 510
Denver, CO 80203

Re: ***Brian Dixon, EEOC Charge No. 541-2007-00773***

Dear Ms. Scarmella,

This letter represents the Adams County Sheriff's Office's ("ACSO") position and response to the above-referenced charge for Brian Dixon ("Mr. Dixon"). The ACSO's position is that Mr. Dixon was never discriminated nor retaliated against while employed as a deputy sheriff. On or about August 9, 2006, Mr. Dixon was terminated from his employment for multiple reasons, including the consistent failure to report for duty on time, failing to attend meetings, insubordination, openly defying ACSO policy, procedure and supervisory instructions and insubordination. Further, based on Mr. Dixon's fitness for duty evaluation, he was determined not fit to return to duty as a deputy, including not being in a position to carry a firearm. *See attached Exhibits "A" and "B."*

There is no evidence that Mr. Dixon was a qualified individual with a disability, or that he made any request for an accommodation for any disability. Mr. Dixon has not given an indication of what he is claiming as his alleged disability. On or before December 2005, Mr. Dixon requested "set" hours in his employment due to an alleged Attention Deficit Disorder condition. Mr. Dixon's sergeant, Jerry Drumright of ACSO, accommodated his request. There is no knowledge at ACSO of Mr. Dixon's allegation that he "was retaliated against for having participated as a witness to a female coworker's sexual harassment complaint." Without knowing the identity of the alleged victim of sexual harassment or the circumstances upon which Mr. Dixon testified as a witness, no response can be articulated to the aforementioned allegation.

Finally, the ACSO is unaware of Mr. Dixon being forced to take FMLA, being denied worker compensation benefits, training or being assigned less favorable assignments. Mr. Dixon was terminated from his employment based on legitimate business reasons. As a result, it is doubtful that Mr. Dixon can demonstrate the legal elements of claims for discrimination based on disability or retaliation.

---

BOARD OF COUNTY COMMISSIONERS

| W. R. "Skip" Fischer | Alice J. Nichol | Larry W. Pace |
|:---:|:---:|:---:|
| DISTRICT 1 | DISTRICT 2 | DISTRICT 3 |

Sincerely,

Lawrence Lee
Assistant County Attorney

Enclosures

# adams county
# sheriff's office

**Douglas N. Darr, Sheriff**

332 N. 19th Avenue, Brighton, Colorado 80601
(303) 654-1850  Fax: (303) 655-3296
E-mail: sheriff@co.adams.co.us

July 28, 2006

Deputy Brian Dixon
Jail Division

*Reference: Formal Notice-Termination*

Dear Deputy Dixon:

On Tuesday, July 25, 2006 I informed you and your attorney that I intend to terminate your employment from the Adams County Sheriff's Office. This letter is the formal notice of the termination.

There is a variety of reasons that include:

- Representatives of Nicoletti and Associates have presently determined that you not be permitted to work in any assignment that requires that you be armed.
- Consistent failure to report for duty on time.
- Failure to attend several meetings as ordered.
- Very little effort to accept responsibility for your actions and decisions.
- You have consistently made unsubstantiated allegations about supervisors and command officers within the Sheriff's Office.
- Open disagreement and defiance of Department policy, procedure and supervisory instructions.
- Consistent inappropriate challenges of authority

After you have completed disciplinary sanctions imposed as a result of Internal Affairs Case 2006-29, you will be place on Administrative Leave with Pay. I will provide you an opportunity to meet and address the issues contained within this letter. That meeting will occur in my office on Friday, August 4, 2006 at 10:30 a.m. You may, at your choosing, be accompanied by another person for the purposes of assisting and/or advising you with your presentation.

Brian, you are a talented man. I had hopes that this case would turn out differently and that you would become a positive contributing member to this agency as we fulfill our law enforcement mission. I am disappointed. You will have an opportunity to respond if you choose to exercise it. Please notify my assistant, Jan Newman, at extension 3216 if you do or do not plan to attend the hearing scheduled for August 4, 2006.

Sincerely,

Douglas N. Darr
Sheriff

**EXHIBIT**

A

DND/js

**Detective & Patrol Divisions**
4201 East 72nd Avenue, Suite C
Commerce City, CO 80022
Fax: (720) 322-1333

*...serving our community...*

**Jail Division**
150 North 19th Avenue
Brighton, CO 80601
Fax: (303) 655-3304



August 9, 2006

Deputy Sheriff Brian Dixon
Jail Division

*Formal Notice - Termination*

Dear Deputy Dixon:

On Friday, July 28, 2006 both you and your attorney were informed by letter of my intent to terminate your employment with the Adams County Sheriff's Office. The letter contained the reasons for the intended termination.

You were provided an opportunity to meet with me, address the issues, and appeal the decision on Friday, August 4, 2006 at 10:30 a.m. I listened to and considered your comments but my decision remains the same. You are released from the employment of the Adams County Sheriff's Office effective Friday, August 4, 2006 at 1:00 p.m. You are not eligible for rehire.

I certainly hope that you experience better days in the future. I wish you well.

Sincerely,

Douglas N. Darr
Sheriff

DND/jn

cc:   Internal Affairs
      Personnel
      Captain Jim Wilbourn

EXHIBIT
B

**Detective & Patrol Divisions**
4201 East 72nd Avenue, Suite C
Commerce City, CO 80022
Fax: (720) 322-1333

*...serving our community...*

**Jail Division**
150 North 19th Avenue
Brighton, CO 80601
Fax: (303) 655-3304