IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00942-LTB-BNB

BRIAN D. DIXON,

Plaintiff,

v.

ADAMS COUNTY, COLORADO,
BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, COLORADO,
ADAMS COUNTY SHERIFF'S OFFICE, and
DOUGLAS N. DARR, in his official capacity as Sheriff of Adams County, Colorado,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Defendants to Provide Discovery and Discovery Admitted is Placed into Sealed Record from Public Review** [Doc. #19, filed 9/23/08] (the "Motion"). The Motion is DENIED.

On May 7, 2008, the plaintiff filed a Title VII Complaint [Doc. #5] (the "Complaint"). The Complaint alleges that the plaintiff was terminated from his job and not hired for another position (1) because he has tuberculosis, and (2) in retaliation for seeking worker's compensation. On August 11, 2008, defendants Adams County, Colorado, and Board of County Commissioners of Adams County, Colorado, filed a motion to dismiss the Complaint [Doc. #15]. The defendants argue that they cannot be held liable because they were not the plaintiff's employers.

The plaintiff asserts that he needs numerous documents from the defendants in order to respond to their motion to dismiss. The plaintiff's Motion is denied for several reasons.

First, the plaintiff does not explain why any of the requested documents are necessary to respond to the issues presented in the motion to dismiss. The motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on a Rule 12(b)(6) motion to dismiss, the court does not analyze evidence. Rather, the court looks to the allegations of the Complaint to determine whether they are sufficient to plausibly support a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).

In addition, this case has not yet been set for a Scheduling Conference. Thus, it is premature for the parties to engage in discovery. Fed. R. Civ. P. 26(d).

Moreover, insofar as the plaintiff is attempting to compel the defendants to produce discovery, the rules of civil procedure permit a party to file a motion to compel only after attempts to obtain discovery pursuant to the appropriate rules of discovery have failed. Fed. R. Civ. P. 37. Therefore, prior to filing any future motions to compel, the plaintiff must first attempt to obtain the discovery pursuant to the rules.

Finally, to the extent the plaintiff seeks to have the requested materials "admitted," discovery materials shall not be filed with the Court. Fed. R. Civ. P. 5(d). Accordingly,

IT IS ORDERED that the Motion is DENIED.

Dated October 21, 2008.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge