IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00942-LTB-BNB

BRIAN D. DIXON,

Plaintiff,

v.

ADAMS COUNTY, COLORADO,
BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, COLORADO,
ADAMS COUNTY SHERIFF'S OFFICE, and
DOUGLAS N. DARR, in his official capacity as Sheriff of Adams County, Colorado,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion to Dismiss** submitted by defendants Adams County, Colorado, and Board of County Commissioners of Adams County, Colorado [Doc. #15, filed 8/11/08] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED as to defendants Adams County, Colorado, and the Board of County Commissioners of Adams County, Colorado.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed his Amended Title VII Complaint on May 7, 2008 [Doc. #5]. The plaintiff is suing (1) the Adams County Sheriff's Office; (2) Douglas Darr in his official capacity as the Adams County Sheriff; (3) Adams County, Colorado; and (4) the Board of County Commissioners of Adams County, Colorado.

Under the "Nature of the Case" section of the Complaint, the plaintiff has checked several boxes which indicate that he is suing for gender discrimination, disability discrimination, and retaliation related to a demotion or discharge from employment and a failure to hire. *Complaint*, p. 2.[1]

The Complaint asserts one claim for relief. The plaintiff's description of his claim is incomprehensible. Id. at p. 3. However, he has attached to the Complaint documents pertaining to a charge he submitted to the Equal Employment Opportunity Commission. The EEOC filings contain the following allegations:

1. The plaintiff was employed as a Deputy Sheriff by the Adams County Sheriff's Office from September 19, 2000, until August 4, 2006. Id. at p. 14.

---

[1] I cite to the page numbers of the Complaint and its attachments as assigned by the court's docketing system.

2. In December 2005, he tested positive for tuberculosis. The healthcare provider involved in the testing contracts with the Adams County Sheriff's Office. Id. at pp. 14-15. The healthcare worker advised the plaintiff that he would receive information for follow-up treatment. Id. p. 14.

3. The plaintiff reported the test results to his immediate supervisor. He also asked his supervisor for the forms necessary to complete a worker's compensation claim. His supervisor refused to give him the forms; ordered him not to complete any worker's compensation forms; and ordered him to wait for the follow-up information from the health care provider. Id.

4. On December 9, 2005, the plaintiff arrived ten minutes late to work. He received a written reprimand for his tardiness, which was "disproportionate and inconsistent to the response and demeanor my immediate supervisor had before [] I had asked for the workers compensation forms." Employees who had not reported tuberculosis or who had not requested worker's compensation forms did not receive a disciplinary action for being tardy. Prior to December 9, 2005, the plaintiff did not have any negative notations in his file. Id.

5. The plaintiff did not receive follow-up information from his health care provider. Id. The plaintiff made arrangements for treatment by outside providers. The plaintiff had to pay for his treatment. Id. at p. 15. The plaintiff's immediate supervisor refused the plaintiff's requests for shift coverage so the plaintiff could attend appointments. Id. at pp. 15-16.

6. The plaintiff completed and submitted worker's compensation forms on his own. He also contacted the president of his labor organization and informed him that his supervisor had ordered not to complete worker's compensation forms. Id. at p. 16.

7. The plaintiff arranged shift coverage for the morning of January 20, 2006, so that he could attend a medical appointment. When he arrived at work, he was reprimanded by his

immediate supervisor for being late. The plaintiff requested additional coverage for two future medical appointments and for jury duty. His immediate supervisor recommended that he submit a letter of resignation. Id.

8. On January 25, 2006, the plaintiff was demoted and reassigned to an assignment on the graveyard shift which consisted of less desirable tasks and less desirable working conditions. Id. at p. 17.

9. In February 2006, after voicing a complaint involving medical privacy, worker's compensation, and tuberculosis, the plaintiff received notice of a disciplinary action for tardiness initiated against him by his new immediate supervisor. Id.

10. On April 10, 2006, the plaintiff submitted a written complaint to his division commander regarding tuberculosis, retaliation, and worker's compensation accommodations. He was ordered to undergo psychological testing, and he was placed on administrative leave. His commission, access card, and agency identification were revoked. Id. at p. 18.

11. In May 2006, the plaintiff was subjected to disciplinary actions for submitting a request that the Adams County Detention Facility be evaluated for health risks related to tuberculosis. Id.

12. In May 2006, the plaintiff complained to the Board of Directors of his labor organization that he was subjected to retaliation by his employer for reporting the tuberculosis risk. He was subsequently ordered to complete additional psychological testing, and he was placed on leave. Id.

13. In late June 2006, he was returned to a "shift assignment under demotion and additional restrictions." Id.

14. In mid July 2006, the plaintiff assisted a female employee of the Adams County Sheriff's Office to submit a sexual harassment report. In late July 2006, he sustained additional disciplinary action and was again placed on leave. Id.

15. In early August 2005, the plaintiff was terminated from the Adams County Sheriff's Office because of the "medical psychological testing." Id.

16. On or about August 24, 2006, the plaintiff submitted an application for employment to the Adams County Sheriff's Office for a position. He was "subjected to further discrimination in being denied to the selection process for employment." Id. at p. 20.

I construe the Complaint as asserting a claim under the Americans with Disabilities Act ("ADA") for discrimination and retaliation based on a disability. To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

### III. ANALYSIS

Defendants Adams County, Colorado (the "County"), and the Board of County Commissioners of Adams County, Colorado (the "Board"), seek dismissal of the claims against them for failure to state a claim upon which relief can be granted.

As to the County, the Tenth Circuit Court of Appeals has stated:

> Under Colo.Rev.Stat. § 30-11-105, "the name in which the county shall sue or be sued shall be, 'the board of county commissioners of the county of .........'" This statutory provision provides the exclusive method by which jurisdiction over a county can be obtained. An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case.

Gonzales v. Martinez, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005).

The plaintiff brings this action against both the Board and the County. Under Gonzales, he may not name the County. Therefore, I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the County.

The plaintiff has not stated a claim against the Board. The Complaint does not contain any factual allegations against the Board, and the plaintiff's response to the defendant's Motion to Dismiss does not shed any light on his claims against the Board. *Plaintiff's Response to the Defendant's Motion to Dismiss* [Doc. #25] (the "Response"). Indeed the Response, like the Complaint, is incomprehensible. Exemplary of the response is the following paragraph:

> While the defendants namely the Board of County Commissioners repeatedly assert not to be the "moving force" to the injury alleged with termination, the plaintiff respectfully urges culpability per se to liability exists regardless whether direct or vicarious when viewing the matter outside the scope of the termination.

Id. at p. 5.

The plaintiff appears to argue that the Board is liable simply because it knew or should have known of his claims. Id. at pp. 3-4. These allegations are insufficient to hold the Board liable under the ADA.

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring . . . or discharge of employees . . . ." 42 U.S. C. § 12112(a). An employer is a covered entity under the ADA. Id. at 12111(2). "The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ."

When a plaintiff alleges more than one employer, the circuit court has applied the joint-employer test and the single-employer test to determine whether a named defendant is an

employer within the meaning of the ADA.  Bristol v. Board of County Comm'rs of County of Clear Creek, 312 F.3d 1213, 1218-21 (10th Cir. 2002).  In Bristol, the circuit court analyzed whether the Board of County Commissioners of the County of Clear Creek owed a duty to provide accommodation under the ADA to an employee of the County Sheriff.  The court held that "because under Colorado law a Board lacks the power to control the hiring, termination, or supervision of a Sheriff's employees, or otherwise control the terms and conditions of their employment, there can be no basis upon which a jury could determine that the Board owes such a duty."  Id. at 1215.  See also Smith v. Williams, No. 06-cv-00436-LTB-GJR, 2007 WL 174378, at *9 (D. Colo. Jan. 19, 2007); Waldron v. Drury, No. 04-cv-01150-LTB-BNB, 2006 WL 1749391, at *12 (D. Colo. June 22, 2006).  Thus, the Board cannot be held liable under the ADA for the actions of the Sheriff in terminating the plaintiff's employment and for subsequently failing to rehire him.

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the Board.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED as to defendants Adams County, Colorado, and the Board of County Commissioners of Adams County, Colorado.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 2, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge